# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**J.F.**

**vs.)  No. 18-0756** (Tucker County 17-DV-16)

**F.C.**

**FILED**

**February 24, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner J.F. ("Mr. F."), by counsel Scott Curnutte, appeals the order of the Circuit Court of Tucker County, entered on July 25, 2018, denying his appeal from the Family Court of Tucker County's May 29, 2018, entry of a permanent domestic violence protective order in which he is named as a respondent. Respondent F.C. ("Ms. C") is self-represented, but she did not file a responsive pleading.

This Court has considered the petitioner's brief and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. C. filed a petition for a domestic violence protective order on June 16, 2017, seeking protection from her husband or ex-husband, J.F. The filing of this petition triggered the family court's entry of a temporary domestic violence protective order, pending further hearing. The Family Court of Tucker County entered an order on June 27, 2017, reflecting that Mr. F. contested Ms. C.'s allegations of domestic violence, but agreed to the entry of a protective order. The protective order was deemed effective for one year. On May 29, 2018, Ms. C. filed a petition for modification of that order. The court granted the petition, finding that Mr. F. "has continued to engage in acts of harassment and threats through third parties and driving past her house." The protective order was deemed extended for "the [petitioner's] lifetime." Mr. F. appealed the modification order to the Circuit Court of Tucker County, and the circuit court denied Mr. F.'s petition for appeal.

Petitioner's appeal to this Court is premised on a single assignment of error: that the family court did not find aggravating factors as set forth in West Virginia Code § 48-27-505 when it entered its initial year-long protective order, and it therefore could not at that time enter a protective order for a duration of more than 180 days.[1] Thus, petitioner argues, the protective order had

---

[1] West Virginia Code § 48-27-505 provides, in part:

1

expired when Ms. C. sought modification in May of 2018, and the family court therefore lacked jurisdiction to modify.

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syllabus, *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

The circuit court's order on appeal clearly reflects that the circuit court reviewed the audio recording made by the family court prior to the entry of the domestic violence protective order, and that the circuit court subsequently found that "the [f]amily [c]ourt did make such findings of aggravated circumstances on the record." The circuit court noted that Ms. C. offered unrefuted testimony that Mr. F. violated the temporary domestic violence protective order "by continuously driving up and down the road in front of her residence." Petitioner has produced no evidence contradicting the circuit court's finding. Accordingly, we find no error.

For the foregoing reasons, we affirm.

---

(a) Except as otherwise provided in subsection (d), section four hundred one of this article, a protective order, entered by the family court pursuant to this article, is effective for either ninety days or one hundred eighty days, in the discretion of the court. Upon receipt of a written request for renewal from the petitioner prior to the expiration of the original order, the family court shall extend its order for an additional ninety-day period.

(b) Notwithstanding the provisions of subsection (a), the court may enter a protective order for a period of one year if the court finds by a preponderance of the evidence, after a hearing that any of the following aggravating factors are present:

(1) That there has been a material violation of a previously entered protective order;

(2) That two or more protective orders have been entered against the respondent within the previous five years;

(3) That respondent has one or more prior convictions for domestic battery or assault or a felony crime of violence where the victim was a family or household member;

(4) That the respondent has committed a violation of the provisions of section nine-a, article two, chapter sixty-one of this code against a person protected by an existing order of protection; or

(5) That the totality of the circumstances presented to the court require a one year period in order to protect the physical safety of the petitioner or those persons for whom a petition may be filed as provided in subdivision (2), section three hundred five of this article.

2

Affirmed.

**ISSUED:** February 24, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison